UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| 1010 S. MAIN STREET, an Illinois partnership, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-1460 |
| TOWN OF NORMAL, a municipal Corporation, CHRISTOPHER KOOS, individually, and MARK PETERSON, individually, | ) ) ) ) ) | |
| Defendants. | ) | |

# O R D E R

This matter is before the Court on Defendants' Motion for Summary Judgment. For the reasons set forth below, the Motion [65] is GRANTED .

## BACKGROUND

This action is brought pursuant to 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment. In March 2008, Plaintiff, 1010 S. Main Street, LLC ("Partnership"), entered into a purchase option agreement with Carmike Cinemas to buy the property located at 1010 S. Main Street in Normal, Illinois, for the purpose of developing a student housing project. The members of the Partnership are Edward Brady, Robert (Bob) Vericella, Robert (Bobby) Vericella, and Rory O'Connor.

On July 6, 2009, the Partnership filed an initial plan to rezone and develop the property, and on December 10, 2009, the formalized Site Plan was presented to the Normal Planning Commission. The Planning Commission voted 5 to 2 in favor of rezoning the Property and 4 to

3 in favor of the Site Plan, and the Site Plan moved forward to be considered by the Normal City Council on December 21, 2009.

On December 10, 2009, City Manager Mark Peterson ("Peterson") sent an email to Mayor Christopher Koos asking the Mayor to figure out a way to postpone the City Council Meeting. Between December 10 and 21, 2009, Mayor Koos had discussions with council members regarding the Partnership's proposed project, and council members had questions about the security plan, parking, buffer, and adjacency to a residential neighborhood. The vote ultimately proceeded as scheduled, and the City Council voted down the Partnership's Project.

In February 2010, Illinois Construction, a company in which Jeffrey Tinervan is one of two members, requested a special use permit for the same property. While the Partnership's Site Plan involved rezoning the property from B-1 to R-3A with a planned unit development, the Illinois Construction proposal did not involve a rezoning and the property would remain zoned as B-1 with a special use permit. On March 18, 2010, the Zoning Board of Appeals voted to recommend approval of the permit. The City Council approved Illinois Construction's special use permit on April 5, 2010, and construction on the project proceeded.

The Partnership brought this action against the Town of Normal, Mayor Koos, and Peterson alleging that they violated its right to equal protection under the law by selecting the Illinois Construction project over its project with no rational basis for doing so. Defendants have moved for Summary Judgment, and this Order follows.

### A. Legal Standard

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. In ruling on a motion for summary judgment, the Court must view the evidence on record in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Sciences Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences reasonably drawn from the facts must be construed in favor of the non-movant. However, any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009).

It is not the Court's function to scour the record in search of evidence to defeat a motion for summary judgment. The moving party has the responsibility of identifying portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. If the evidence on record could not lead a reasonable jury to find for the non-moving party, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, however, the "court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007).

**B.     Analysis**

Defendants first argue that Plaintiff lacks standing to bring this action, as it is not the real party in interest. Specifically, they assert that the real party in interest is 1010 S. Main, LLC rather than 1010 S. Main Street, an Illinois Partnership, the named plaintiff in this suit. While there does appear to be some discrepancy in Plaintiff's legal name, standing is not a defense that can be raised for the first time on summary judgment. Rather, standing "is an affirmative defense [that] must be raised in the answer or it is waived." *LINC Finance Corp. v. Onwuteaka*, 129 F.3d 917, 922 (7th Cir. 1997).

Defendants next maintain that the Amended Complaint is barred by the statute of limitations, as Illinois law requires that any appeal of a municipal zoning decision be brought within 90 days after the date of the decision. As the rezoning application was denied on December 21, 2009, Defendant contends that any challenge had to be filed by March 22, 2010 to be timely. Plaintiff responds that this case is governed by the two-year statute of limitations applicable to cases brought pursuant to § 1983. The Court agrees. Where a plaintiff has asserted a "bona fide equal protection claim" arising from a land-use decision, the two-year statute of limitations for § 1983 claims applies, and the claim can proceed independently of state procedural requirements. *Flying J, Inc. v. City of New Haven*, 549 F.3d 538, 543-44 (7th Cir. 2008); *Forseth v. Village of Sussex*, 199 F.3d 363, 370-71 (7th Cir. 2000); *Groesch v. City of Springfield, Illinois*, 635 F.3d 1020, 1028-29 (7th Cir. 2011).

Defendants further seek the entry of summary judgment on the grounds that the Partnership has failed to state a claim for a class-of-one equal protection claim. The Equal Protection Clause of the Fourteenth Amendment requires that no state shall deny to any person within its boundaries the equal protection of the laws. U.S. Const. Amend. XIV. When a person is treated differently by the

government because of membership in a suspect class or the government's treatment tramples on a fundamental right, the action is subject to strict scrutiny. *Phyler v. Doe*, 457 U.S. 202, 216-17, 102. S.Ct. 2382, 72 L.Ed.2d 786 (1982). In all other cases, the government's action must be supported by a rational basis, though that need not be articulated as long as it can be imagined. *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993).

The Seventh Circuit has recognized that a class of one equal protection claim may be brought where "there is no rational basis for the difference in treatment or the cause of the differential treatment is a totally illegitimate animus toward the plaintiff by the defendant." *Srail v. Vill. of Lisle*, 588 F.3d 940, 944 (7th Cir.2009) (*quoting McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir.2004)). Here, the Partnership claims it was singled out, irrationally, as a "class of one" in order to award the project to Tinervan and Illinois Construction. "Allegations of improper subjective motive are not enough to state a class-of-one equal protection claim." *D.B. by Kurtis v. Kopp, et al.*, 725 F.3d 681, 682 (7th Cir. 2013). To have merit, a plaintiff must show that it has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). In other words, the Partnership has the burden of showing that it was treated differently from someone similarly situated and that the discriminatory treatment was wholly arbitrary and irrational." *D.B. by Kurtis*, 725 F.3d at 682.

"To be similarly situated for purposes of a class-of-one equal protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir.2010). This inquiry is fact based, and although there is no "precise formula", "similarly situated individuals must be very

similar indeed." *McDonald*, 371 F.3d at 1002. *McDonald* also makes clear that this is a heavy burden for the Plaintiff, as well as that while this issue is generally a question of fact for the jury, "summary judgment is appropriate when no reasonable fact-finder could find that plaintiffs have met their burden on the issue." Id. at 1002-03.

Here, both the Partnership's project and the Illinois Construction projects proposed largely student housing in the same location. The Partnership's proposal involved 220 bedrooms and 165 parking spaces with no commercial uses on the property; the Illinois Construction project involved 204 bedrooms and 220 parking spaces with commercial uses included on the ground level. The Partnership's project requested rezoning with a Planned Unit Development, while the Illinois Construction project sought only a special use permit and did not involve a Planned Unit Development. Defendants further respond that requests for rezoning are heard by the Planning Commission, while the Zoning Board of Appeals hears requests for special use permits. That being said, however, these entities both make recommendations to the City Council, and it is the City Council that makes the ultimate determination on both of these requests.

Although there are some general similarities between the two projects, such as the fact that both proposed student housing plans in the same location and were ultimately reviewed by the City Council, the Court finds that the Partnership has failed to meet its burden of showing that the Illinois Construction project was similarly situated under the high standard set by the law of this Circuit. The Seventh Circuit has previously held that a plaintiff "cannot establish their prima facie case by referring to a development with variances . . .of a kind not requested" by the plaintiff. *Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002). Illinois Construction did not seek rezoning, but rather only a special use permit; the Partnership never requested a special use permit.

6

The difference between rezoning and special use permits is that the issuance of a special use permit binds the developer to execute the plan as approved. With a rezoning, once the property is rezoned, the developer is not bound to proceed on the plan that formed the basis for the rezoning request. Illinois Constructions' proposal included a mixture of residential and commercial uses, while the Partnership's proposal involved only residential uses. Moreover, the proposals were submitted several months apart, with the Partnership's plan being heard by the Planning Commission and the Illinois Construction plan being heard by the Zoning Board of Appeals, each of whom applied different standards and hold the project to different requirements because of the different zoning categories involved and the different nature of the relief requested. These are material differences. Accordingly, despite the fact that both projects proposed similarly sized student housing developments on the same property, the Partnership has failed to meet its "heavy burden" of establishing the essential element that the projects were "prima facie identical in all relevant respects" to support its class of one equal protection claim as a matter of law. *Racine Charter One, Inc. V. Racine Unified Scho. Dist.*, 424 F.3d 677, 680 (7th Cir. 2005); *Ind. State Teacchers Ass'n v. Bd. of Sch. Comm'rs*, 101 F.3d 1179, 1181-82 (7th Cir. 1996).

Even assuming *arguendo* that the Partnership could demonstrate substantial similarity, they cannot surpass the second hurdle required to maintain their claim, as there was a rational basis for the differential treatment based on the differences in the projects. A rational basis requires only "a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Srail v. Village of Lisle, Illinois*, 588 F.3d 940, 946 (7th Cir. 2009). This is also a high burden to overcome, as "the burden is upon the challenging party to eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id*. Additionally, a rational basis

7

can does not require evidentiary support or empirical data, but rather can be based on unsupported, rational speculation. *Id.*, at 947. "[A]ny rational basis will suffice, even one that was not articulated at the time the disparate treatment occurred." *Id.*, at 946-47, *citing Smith v. City of Chicago*, 457 F.3d 643, 652 (7th Cir. 2006).

Here, the two plans offered different proposed configurations and amenities. The Illinois Construction plan allowed some commercial use which would generate sales taxes for the City, while the Partnership's plan was designed to avoid the allowance of any commercial units. The fact that one proposal requested rezoning, while the other proposal did not is also a significant distinction that can alone supply the rational basis for the differential treatment. There is also testimonial evidence that the City Council considered different security provisions, configurations of the buildings on the property, and the lack of adequate parking for the Partnership's proposal. Any of these factors would provide a rational basis for the selection of Illinois Construction's plan over the Partnership's plan. Whether these rationales proved correct or were articulated at the time does not warrant a different result under Srail, Smith, and other Seventh Circuit precedent.

In so finding, the Court is not suggesting that the City Council's decision was the right one or that the Partnership's proposal was without merit. The Court is simply finding that the Partnership has failed to meet its burden of negating Defendants' asserted rational basis for the decision. Defendants are therefore entitled to judgment as a matter of law, and there is no need to address their claims for immunity.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment by Defendants [65] is GRANTED.  This matter is now TERMINATED.

ENTERED this 7 day of March, 2014.

/s/ James E. Shadid
James E. Shadid
United States District Judge